889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty JOHNSON, Plaintiff-Appellant,
v.
SUPERIOR DIE CASTING CORPORATION, Defendant-Appellee.
 No. 89-3038.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 On November 18, 1968, Betty Johnson, a Black female, was hired by Superior Die Casting Corporation (Superior) as an accounting clerk. She was responsible for recording sales, sales commissions, accounts payable, and accounts receivable, and handling payroll, mail delivery, and switchboard. In March 1985, Superior predicted a business slowdown because of a reduced backlog of orders for April 1985. In response, it elected to reduce its workforce, and indefinitely laid off Johnson on March 29, 1985. Johnson filed suit under Title VII, and the District Court granted Superior's motion for summary judgment. We affirm.
 
 
 2
 Superior contends that in reducing its workforce, it first picks a department to be reduced; after picking a department, it then picks job classifications within that department to be laid off. Lay-offs are based on seniority only if two or more employees within that department have a job classification which is chosen to be reduced.
 
 
 3
 At the time of Johnson's lay-off, her department (accounting) had two employees: Johnson and Michael Rickey, who was the company treasurer and Johnson's supervisor. Superior had begun to overhaul its computer system in December 1984; because of the new system, Rickey could perform Johnson's duties in addition to his own. Superior contends that Johnson, however, could not perform Rickey's duties. Further, Superior did not want the lay-offs to disrupt its casting operations unnecessarily; Johnson's lay-off was determined not to impact casting.
 
 
 4
 After Johnson's lay-off, Rickey assumed some of her duties. Duties not assumed by Rickey were distributed among other employees. Some duties were eliminated. Superior contends that no one was hired to replace Johnson.
 
 
 5
 Johnson filed a complaint in the United States District Court for the Northern District of Ohio on June 12, 1986 alleging race discrimination in violation of Title VII, 42 U.S.C. Sec. 2000e et seq. On November 5, 1986, Superior filed a motion for summary judgment, which was granted by the court on December 8. This judgment was entered on December 12. Johnson filed a notice of appeal on December 30, 1988. Viewing the evidence presented in the light most favorable to Johnson, we must affirm the grant of summary judgment to Superior.
 
 
 6
 The district court found that Johnson made a prima facie case for discriminatory termination or lay-off. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Grubb v. W.A. Foote Memorial Hospital, Inc., 741 F.2d 1486 (6th Cir.1984), vacated on rehearing, 759 F.2d 546 (6th Cir.1985), cert. denied, 474 U.S. 946 (1985).
 
 
 7
 Under both McDonnell Douglas and Grubb, the burden then shifted to Superior to offer a legitimate, non-discriminatory reason for its action. Superior alleged that a business slowdown necessitated Johnson's lay-off. The district court determined that the slowdown constituted a legitimate, non-discriminatory reason for laying off Johnson, and we agree.
 
 
 8
 Johnson offered a number of arguments to demonstrate that Superior's reason was pretextual. She claimed that she had been repeatedly called "nigger" by Rickey; that work remained backlogged after her termination, thus suggesting that business was not slowing down; that remaining employees complained about the high volume of work; that despite the economic slump, Superior hired a white employee two months prior to her lay-off; and that two employees with less seniority were not laid off.
 
 
 9
 The district court found these arguments to be insufficient to rebut Superior's proffered legitimate reason for its action, and thus granted summary judgment to Superior. We agree. Verbal abuse directed at Johnson, which would be direct evidence of discriminatory animus, is not established in the record. Although Johnson's brief asserts that she was called a "nigger" by Rickey, this assertion is not supported by underlying affidavits or answers to interrogatories.
 
 
 10
 Johnson's affidavit attached to her motion in opposition to summary judgment makes passing reference to unspecified "harassment" by Rickey directed to her race. In interrogatories answered prior to Superior's motion for summary judgment, however, Johnson did not claim that she was verbally harassed. Evidence submitted after a motion for summary judgment which contradicts testimony adduced earlier does not create a factual issue. Reid v. Sears, Roebuck and Co., 790 F.2d 453, 460 (6th Cir.1986).
 
 
 11
 Superior admits that the remaining workers were working harder, an expected result of Johnson's departure. The worker hired prior to Johnson's departure was in a different department. Under Johnson's reduction-in-force policy, the seniority of the white workers retained was irrelevant, since they too were in a different department.
 
 
 12
 Viewing the evidence presented in the light most favorable to Johnson, we find that Johnson has not rebutted Superior's legitimate, non-discriminatory reason. We thus affirm the grant of summary judgment.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation